Filed 12/7/20  P. v. Saldana CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALVARO LEAL SALDANA, JR.,<br><br>    Defendant and Appellant. | F079712<br><br>(Super. Ct. No. 1246306)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Thomas D. Zeff, Judge.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P.J., Detjen, J. and Meehan, J.

On March 22, 2008, Alvaro Leal Saldana, Jr. (defendant), and his brother and original codefendant, Ray Gutierrez, Jr., attended a wedding reception in Hilmar.[2] There, Gutierrez got into a fight with Miguel Perez, an inactive Norteño gang member with whom he also had personal issues dating back a number of years. Roger Villanueva, a friend of Perez who did not get along with the brothers, and others joined in. Someone — possibly Villanueva — knocked defendant out. (*People v. Gutierrez*, *supra*, F062970.) A few days later, defendant happened to encounter Villanueva. Defendant pointed at him and made a gun gesture with his hands. (*Ibid*.)

About a week before May 25, 2008, Gutierrez gave his cousin an item wrapped in cloth and asked him to hold it for him. The cousin subsequently told police it was a gun. (*People v. Gutierrez*, *supra*, F062970.) On May 25, 2008, Gutierrez asked for it back. He, defendant, and the cousin then drove to a barbecue in Turlock. Although neither Villanueva's name nor the wedding reception was mentioned during the drive, defendant said maybe somebody would get in a fight. (*Ibid*.)

Defendant and Gutierrez were already at the location of the barbecue when Villanueva arrived. Villanueva told defendant he wanted to "squash it" (let it go) and did not want any problems. He extended his hand, but defendant refused to shake it. Defendant looked angry. Villanueva followed him to the backyard of an abandoned house next door, removing his hat, jacket, and gold chain as he went. (*People v. Gutierrez*, *supra*, F062970.) Although neither Gutierrez nor anyone else followed defendant and Villanueva, Gutierrez was pacing quickly back and forth by the fence of the abandoned house. He suddenly ran to the back, and, within seconds, witnesses heard

---

[1] The facts of the underlying criminal case are derived from this court's opinion in *People v. Gutierrez, et al.* (Aug. 26, 2013, F062970) [nonpub. opn.]. The record in that appeal has been incorporated by reference into the present appeal by prior order.

[2] Gutierrez is not a party to this appeal.

multiple gunshots fired in rapid succession from a single gun. Gutierrez and defendant immediately fled. Villanueva was found on the ground in the backyard, bleeding to death from multiple gunshot wounds. (*Ibid.*)

Gutierrez and defendant were members of Varrio West Side Turlock, the primary Norteño gang in Turlock. (*People v. Gutierrez*, *supra*, F062970.) Villanueva was also an active Norteño, but may have been in trouble with the gang for going to the aid of a dropout (Perez) against active gang members at the wedding reception. (*Ibid.*)

Following a joint jury trial, defendant and Gutierrez were convicted of first degree murder (Pen. Code,[3] § 187, subd. (a)), during the commission of which a principal personally and intentionally discharged a firearm and proximately caused death (§ 12022.53, subds. (d) & (e)(1)), and which was committed for the benefit of or in association with a criminal street gang (§ 186.22, subd. (b)(1)). Following a bifurcated court trial, each was found to have suffered a prior serious felony conviction that was also a strike. (§ 667, subds. (a) & (d).) Each was sentenced to a total term of five years plus 75 years to life in prison and ordered to pay restitution and various fees, fines, and penalties. (*People v. Gutierrez*, *supra*, F062970.)

By opinion filed August 26, 2013, we affirmed the judgments in their entirety. (*People v. Gutierrez*, *supra*, F062970.) In so doing, we rejected joint claims that prejudicial error occurred in the admission of evidence, insufficient evidence supported the gang enhancement, the prosecutor committed prejudicial misconduct, and the trial court erred by imposing the maximum restitution fine over objection, without holding a hearing on ability to pay. We also rejected defendant's challenge to security measures enacted during his testimony at trial, his claim the jury instructions erroneously failed to require the jury to make a finding of his mens rea separate from that of the perpetrator,

---

**3** All statutory references are to the Penal Code.

and his challenge to the constitutionality of section 12022.53, subd. (e). (*People v. Gutierrez, supra*, F062970.)

On January 18, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. In it, he asserted he was convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019. Counsel was appointed for defendant, the district attorney was directed to file a response to the petition, and the matter was set for hearing.

On June 12, 2019, a hearing was held before the judge who presided at trial and sentenced defendant. Counsel for both parties stipulated defendant was convicted as a direct aider and abettor; hence, he did not meet the prima facie eligibility requirements for resentencing under section 1170.95. As a result, the petition was denied.

Defendant filed a timely notice of appeal.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel, stating that defendant was advised he could file his own brief with this court. By letter dated March 4, 2020, we invited defendant to submit additional briefing.

Defendant replied in a letter and raised three claims: (1) The jury instruction on first degree murder was vague and did not tell the jury that to find defendant guilty of first degree murder, he had to have the same state of mind as the direct perpetrator and could not be convicted just because he was present at the scene of the crime; (2) Premeditation and deliberation could not be found, because defendant and Gutierrez were attending a barbecue and were at the scene of the crime a substantial amount of time before the victim arrived, and a murder cannot be premeditated when a person has no

4.

idea who will be attending the event; and (3) Defendant's cousin testified that on the way to the barbecue, there was no discussion of killing, but only that maybe a fight would happen; thus, the perpetrator made a heat of the moment decision and defendant was clueless concerning the perpetrator's actions, or, at the very least, defendant did not have the same state of mind as the perpetrator.

Defendant's claims do not go to the propriety of the trial court's ruling on his section 1170.95 petition, but rather amount to claims of instructional error occurring, and insufficiency of the evidence presented, at trial. "[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538.) The issues defendant now raises were, or could have been, raised in his appeal in case No. F062970. As he presents no justification for the delay, we will not entertain them now.

The jury instructions given at defendant's trial show he was convicted as a direct aider and abettor. (See *People v. Gutierrez*, *supra*, F062970.) Section 1170.95 permits a person to file a petition to have his or her murder conviction vacated only if he or she was convicted of felony murder or murder under a natural and probable consequences theory. (§ 1170.95, subd. (a).) Defendant does not meet either requirement for eligibility.

After independent review of the record, we conclude there are no reasonably arguable legal or factual issues. Defendant's request to proceed on his appeal with different appointed counsel is denied.

## DISPOSITION

The judgment is affirmed.